Jonathan Robert Green Esq. (State Bar #290779)
The Law Office of Jeffrey E Lohman, P.C.
41185 Golden Gate Circle, Suite 108
Murrieta, CA  92562
Tel: 619-507-6859
jonathang@jlohman.com

Attorney for Plaintiff,
MARK ANTHONY, individually and on behalf of all others similarly situated

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### RIVERSIDE DIVISION

| | |
|---|---|
| MARK ANTHONY, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>ADT SOLAR, LLC, a Louisiana limited liability company, and DOES 1-10<br><br>*Defendants*. | Case No.<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. ILLEGAL ROBOCALLING, 47 U.S.C. § 227(b)<br>2. ILLEGAL TELEMARKETING 47 U.S.C. § 227(c)<br><br>**DEMAND FOR JURY TRIAL** |

1.     Plaintiff Mark Anthony ("Plaintiff") brings this Class Action Complaint against Defendant ADT Solar, LLC ("ADT Solar" or "Defendant") to stop its practice of making unsolicited autodialed telemarketing calls to consumers' cellular telephones without having established internal Do-Not-Call policies, without first

procuring express written consent as required by law, and to obtain redress for all persons similarly injured by Defendant's conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself, and, as to all other matters, upon information and belief.

2.    In this case, ADT Solar has violated, and continues to violate, the Telephone Consumer Protection Act, 42 U.S.C. 227, *et seq.* ("TCPA") and its regulations by placing unsolicited telemarketing calls phone subscribers without implementing an internal Do-Not-Call policy and without obtaining prior express written consent from the class of phone subscribers.

## **PARTIES**

3.    Plaintiff is a natural person over the age of eighteen who resides in the city of Corona, county of Riverside County, California and is otherwise *sui jus*.

4.    Defendant ADT Solar is a limited liability company incorporated and existing under the laws of the State of Louisiana whose primary place of business and corporate headquarters is located in Louisiana.

5.    Defendant is registered as an out of state limited liability company with the State of California and has a branch location in the county of Riverside, in the city of Murrieta, California.

6.    Defendants Does 1-10 are believed to be third party marketing companies used by ADT Solar to place telemarketing calls on its behalf. Their

identities are unknown at this time.

## JURISDICTION

7.     This Court has federal-question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, a federal statute. This Court also has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, because each of the alleged Classes consists of over 100 persons, there is minimal diversity, and the claims of the class members when aggregated together exceeds $5 million. Further, none of the exceptions to CAFA apply.

8.     This Court has personal jurisdiction over ADT Solar and venue is proper in this District because Defendant is located in this District, solicits business in this District, and conducts substantial business in this District.

## COMMON ALLEGATIONS OF FACT

9.     Defendant, ADT Solar, is a supplier of solar energy solutions headquartered in Louisiana.

10.     In an effort to effectuate ADT Solar's business, Defendant engages in telemarketing to reach consumers.

11.     The hardware and software used by Defendant (or its agent) to make the telemarketing calls is an automatic telephone dialing system ("ATDS") because,

among other things, the equipment has the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator and to dial such numbers, *en masse*, in an automated fashion without human intervention.

12.    Furthermore, the ATDS utilized by Defendant includes features which support a finding that Defendant uses a predictive dialer to place the phone calls in question.

13.    On information and believe Plaintiff alleges the technology used by Defendant is a predictive dialer because everytime Plaintiff answered Defendant's phone calls, he was met with hold music, a pause, and an agent that appeared not prepared to speak with him.

14.    Predictive dialers have long been considered automatic telephone dialing systems by the FCC. In fact, the FCC's first ruling on the TCPA in 1992 recognized the importance of restrictions on equipment such as predictive dialers. Referring in part to "predictive dialers," the FCC opined that "...both live [solicitation calls, such as with a predictive dialer] and artificial or prerecorded voice telephone solicitations should be subject to significant restrictions." 7 FCC Rcd. 8752, 8756 (F.C.C. September 17, 1992).

15.    Since 2003, the FCC has definitively held that predictive dialers qualify as an ATDS under the TCPA. *In re Rules and Regulations Implementing the*

*Telephone Consumer Protection Act of 1991*, Report and Order, 19 FCC Rcd. 14014,

14115 ¶¶ 131-134 (2003).

16.    The FCC describes predictive dialers as follow:

> A predictive dialer is an automated dialing system that uses a complex
> set of algorithms to automatically dial consumers' telephone numbers in
> a manner that "predicts" the time when a consumer will answer the phone
> and a telemarketer will be available to take the call. Such software
> programs are set up in order to minimize the amount of downtime for a
> telemarketer. In some instanced, a consumer answers the phone only to
> hear "dead air" because no telemarketer is free to take the call
> …
> [A] predictive dialer is equipment that dials numbers and, when certain
> computer software is attached, also assists telemarketers in predicting
> when a sales agent will be available to take calls. <u>The hardware, when
> paired with certain software, has the capacity to store or produce
> numbers and dial those numbers at random, in sequential order, or from
> a database of numbers.</u>
> …
> Predictive dialers initiate phone calls while telemarketers are talking to
> other consumers and frequently disconnect those calls when a
> telemarketer is unavailable to take the next call…Predictive dialers
> reduce the amount of down time for sales agents, as consumers are more
> likely to be on the line when the telemarketer completes a call.

*Id.* at ¶¶ 8 fn 31, 131, and 146. [Emphasis Added]

17.    ADT Solar fails to obtain consumers' prior express written consent as

required by the TCPA to use such equipment to place such calls.

18.    That is, ADT Solar makes unauthorized autodialed calls to cellular

subscribers who have not provided Defendant with proper consent to place such calls.

19.    In doing so, ADT Solar makes unsolicited telemarketing calls to solicit

consumers to purchase its solar energy products and services—all in violation of the TCPA.

20.    Further, because of Plaintiff's multiple requests to be placed on Defendant's internal Do-Not-Call list, and because Defendant continues to place telemarketing calls to Plaintiff as of the filing of this complaint, Plaintiff alleges that Defendant does not:

(A)    Maintain a written Do-Not-Call policy;

(B)    Record Do-Not-Call requests;

(C)    Maintain an internal Do-Not-Call list; and / or

(D)    Train its employees on how to handle a Do-Not-Call request.

21.    By making the calls at issue in this Complaint without the proper safeguards required by the Federal Communications Commission ("FCC") under 47 C.F.R. 64.1200(d), Defendant caused Plaintiff and the members of the Class actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, in addition to a loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls. Furthermore, the calls interfered with and interrupted Plaintiff's and the other Class members' use and enjoyment of their cellphones, including the related data, software, and hardware components. The phone rings and interrupts the user's experience. Defendant also caused injury to their phones by causing wear and tear on

their property, consuming battery life, and appropriating cellular minutes and data.

22.    Defendant knows or acts in conscious disregard of the fact that its telemarketing calls to these cellular subscribers are unauthorized.

23.    As such, Defendant not only invaded the personal privacy of Plaintiff and other members of the putative Class, it also intentionally and repeatedly violated the TCPA.

24.    To the extent a third party made calls on behalf of ADT Solar, ADT Solar knew about the calls, received the benefits of the calls, directed the calls to be placed, and ratified the calls. ADT Solar is liable for all calls placed on its behalf.

## **FACTS SPECIFIC TO PLAINTIFF ANTHONY**

25.    Plaintiff is the subscriber and customary user of a personal cellular telephone number ending in telephone number 6579.

26.    Plaintiff listed his cellular telephone number on the National Do-Not-Call list on October 27, 2021.

27.    However, despite having his phone number listed on the national Do-Not Call list, Defendant began placing telemarketing calls to Plaintiff's cellular. Telephone in or before June 2022.

28.    Defendant was calling Plaintiff to sell him on its solar energy products and installation services.

29.     Defendant was spoofing its caller identity to appear to be a phone call from a local caller to entice Plaintiff into answering the phone.

30.     Defendant placed multiple calls a day to Plaintiff's cell phone.

31.     Plaintiff never provided any verbal or written consent to Defendant that satisfied the requirements set forth in 47 C.F.R. 62.1200(f)(8)(i) or otherwise.

32.     On at least two occasions between the June 2022 and July 2023, Plaintiff answered Defendant's phone calls and told Defendant to stop calling his cell phone.

33.     Defendant ingored both instructions to stop calling Plaintiff.

34.     Each time Plaintiff answered Defendant's call, there would be a delay before an agent from Defendant's call center would respond to Plaintiff's salutations.

35.     This delay in being connected to a live agent was the result of the dialing system Defendant was using to place the calls to Plaintiff and is evidence that the call was placed using predictive dialer technology.

36.     Defendant has placed more than two phone calls to Plaintiff's cell phone using this same telephone dialing equipment.

37.     Due to the frequency of phone calls, the vast amount of phone calls, and the fact that Defendant continued to place phone calls to Plaintiff's cellular telephone after multiple requests to stop calling, it is Plaintiff's belief that the calls placed to his cellular telephone were not targeted or directed but were more likely calls placed

through a number generator, generating the phone numbers randomly or sequentially.

38.    By continuing to make unauthorized calls as alleged herein, ADT Solar has caused Plaintiff and other consumers actual harm and cognizable legal injury. This includes the aggravation, nuisance, and invasion of privacy that results from the receipt of such unwanted calls in addition to a loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls. Furthermore, the calls interfered with Plaintiff's and the other Class members' use and enjoyment of their cellphones, including the related data, software, and hardware components. Defendant also caused injury to their phones by causing wear and tear on their property, consuming battery life, interfering with their use and enjoyment, and appropriating cellular minutes and data.

39.    Further, because of Plaintiff's multiple, ignored, requests to be placed on Defendant's internal Do-Not-Call list, Plaintiff believes that Defendant does not maintain an internal Do-Not-Call list and does not have written Do-Not-Call policies.

40.    To redress these injuries, Plaintiff, on behalf of himself and the Class of similarly situated individuals set forth below, bring this suit under the TCPA, which prohibits unsolicited text calls to cellular telephones. On behalf of the Class, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized autodialed calling activities (plus corresponding declaratory relief) and an award of statutory damages

to the class members to be paid into a common fund for the benefit of the class members, together with costs and reasonable attorneys' fees.

## **CLASS ALLEGATIONS**

41.    Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and a Class as defined as follows:

**No Consent Class:** All persons in the United States who (1) from the date four years prior to the filing of this Complaint through the date notice is sent to the Class; (2) received at least one call from Defendant, or a third person acting on behalf of Defendant; (3) on the person's cellular telephone; (4) for the purpose of selling Defendant's solar products and services; (5) using the same equipment that was used to call the Plaintiff; and (6) for whom Defendant claims it obtained prior express written consent in the same manner as Defendant claims it obtained prior express written consent to call the Plaintiff.

42.    The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely

request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons. Plaintiff anticipate the need to amend the class definition following appropriate discovery.

43.    **Numerosity:** The exact number of members within the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has made unsolicited to thousands of consumers who fall into the definition of the Class. The exact number of members of the Class can be identified through Defendant's records.

44.    **Typicality:** Plaintiff' claims are typical of the claims of other members of the Class, in that Plaintiff and the members of the Class have sustained damages arising out of Defendant's uniform wrongful conduct.

45.    **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class and have retained counsel competent and experienced in complex class actions. Plaintiff and their counsel have no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

46.    **Commonality and Predominance:** There are several questions of law and fact common to the claims of Plaintiff and the Class, and those questions

predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

**(a)** Whether Defendant's conduct violated the TCPA;

**(b)** Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct;

**(c)** Whether Defendant systematically called consumers absent prior express written consent;

**(d)** Whether Defendant fails to maintain a written Do-Not-Call policy; and

**(e)** Whether Defendant made the calls using an automatic telephone dialing system or pre-recorded voice technoloty.

47. **Conduct Similar Towards All Class Members:** By committing the acts set forth in this pleading, Defendant has acted or refused to act on grounds substantially similar towards all members of the Class so as to render final injunctive relief and corresponding declaratory relief appropriate so as to warrant certification under Rule 23(b)(2).

48. **Superiority & Manageability:** This case is also appropriate for class certification under Rule 23(b)(3) because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder

of all parties is impracticable, and the damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured. Also, there are no pending governmental actions against Defendant for the same conduct.

## **FIRST CLAIM FOR RELIEF**

**Negligent Violation of the Telephone Consumer Protection Act,**
**47 U.S.C. § 227(b)**
**(On Behalf of Plaintiff and the No Consent Class)**

49. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceeding paragraphs.

50. Defendant made unsolicited autodialed calls to cellular telephone

numbers belonging to Plaintiff and the other members of the No Consent Class, without their prior express written consent in an effort to generate business for Defendant's solar company.

51. Defendant failed to obtain any prior express consent that included, as required by 47 C.F.R. § 64.1200(f)(8)(i), a "clear and conspicuous" disclosure informing the person signing that:

(A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and

(B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

52. Further, Defendant made the calls using equipment that played a pre-recorded voice or had the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers, *en masse*, simultaneously and without human intervention.

53. By making the unsolicited calls to Plaintiff and members of the Class's cellular telephones without prior express written consent, and by utilizing a pre-recorded voice or ATDS, Defendant violated 47 U.S.C. § 227(b).

54. As a result of Defendant's unlawful conduct, Plaintiff and the members

of the No Consent Class suffered actual damages in the form of monies paid to receive the unsolicited phone calls on their cellular telephones and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

55.    Further, to the effect that Defendant knew that Plaintiff did not want to have autodialed calls placed to his cell phone by defendant, Plaintiff and the members of the No Consent Class suffered actual damages in the form of monies paid to receive the unsolicited phone calls on their cellular telephones and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, treble damages equal to up to three times the statutory damages.

## SECOND CLAIM FOR RELIEF

### Illegal Telemarketing, 47 U.S.C. § 227(c)
### (On Behalf of Plaintiff and the No Consent Class)

56.    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceeding paragraphs.

57.    On information and belief, the foregoing acts and ommissions of Defendant, its affiliates or agents constitutes multiple violations of FCC regulations by making telemarketing solicitations despite lacking:

(A)    a written Do-Not-Call policy, available upon demand;

(B)    training for its employees on how to handle a Do-Not-Call request;

(C)     an internal Do-Not-Call list; and

(D)     a subscription to the national Do-Not-Call lists by which it could scrub phone numbers against to ensure compliance with the the national Do-Not-Call requirements, all in violation of C.F.R. § 64.1200(d).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and the class, prays for the following relief:

(A)     An order certifying the Class as defined above, appointing Plaintiff as the representatives of the Class, and appointing their counsel as Class Counsel;

(B)     An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

(C)     An order declaring that Defendant's actions, as set out above, violate the TCPA;

(D)     A declaratory judgment that Defendant's telephone equipment constitutes an automatic telephone dialing system under the TCPA;

(E)     An injunction requiring Defendant to cease all unsolicited text messaging activities, and otherwise protecting the interests of the Class;

(F)           An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above;

(G)           An award of treble damages if willfulness is shown; and

(H)           Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff request a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: August 10, 2023        By:    */s/ Jonny Green*
           Attorney for Plaintiff,
           **Mark Anthony**, individually and on
           behalf of all others similarly situated,

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28