Jonathan Robert Green Esq. (State Bar #290779)
The Law Office of Jeffrey E Lohman, P.C.
41185 Golden Gate Circle, Suite 108
Murrieta, CA  92562
Tel: 619-507-6859
jonathang@jlohman.com

Attorney for Plaintiff,
MARK ANTHONY, individually and on behalf of all others similarly situated

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# RIVERSIDE DIVISION

| | |
|---|---|
| MARK ANTHONY, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>ADT SOLAR, LLC, a Louisiana limited liability company, and DOES 1-10<br><br>*Defendants*. | Case No. 5:23-cv-01928-SSS-SHK<br><br>Judge Honorable Sunshine Suzanne Sykes<br><br>**STIPULATION AND JOINT MOTION FOR COURT ORDER OF DISMISSAL PURSUANT TO FED. R. CIV. P. 41(a)(1)(A)(i)**<br><br>Complaint Filed: 9/21/2023 |

Pursuant to the Court's February 22, 2024 Order (ECF 24), and Federal Rules of Civil Procedure 23(e) and 41(a)(1)(A)(i), Plaintiff Mark Anthony and Defendant ADT Solar LLC , by and through their respective counsel of record, hereby stipulate and jointly move this Court for an Order dismissing this action as set forth herein.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. Plaintiff's Individual Claim Should Be Dismissed Without Prejudice

Federal Rule of Civil Procedure 41(a)(1)(A)(1) provides that, without a court order and subject to Rule 23(e), "the plaintiff may dismiss an action without a court order by filing: a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Such dismissal will be without prejudice unless the notice says otherwise. Fed. R. Civ. P. 41(a)(1)(B).

In this case, the parties are pleased to advise the Court that they cooperatively shared informal early discovery addressing the facts underlying Plaintiff's claims that ADT Solar LLC ("ADT") violated Telephone Consumer Protection Act, 42 U.S.C. 227, *et seq.* ("TCPA") and its regulations by placing unsolicited, autodialed telemarketing calls to telephone subscribers whose telephone numbers were registered on the National Do Not Call Registry without implementing an internal do not call policy and without obtaining prior express written consent from the putative class of phone subscribers. *See* Compl. (ECF 1) ¶¶ 2, 17-20, 50-55, 57.

On December 18, 2023, ADT submitted an Answer and Affirmative Defenses, and provided reasons to support its affirmative defenses against Plaintiff's Complaint. *See* Defendant's Answer and Aff. Defenses (ECF 15).

After conducting informal discovery, the parties resolved the litigation on an individual basis and, on February 15, 2024, Plaintiff filed a Notice of Settlement. *See*

ECF 23. All of Plaintiff's individual claims between have been resolved without prejudice to any claims that the putative class may have, and the necessary settlement documents have been finalized.

### B. The Putative Class Claim for Violation of the TCPA Should Be Dismissed Without Prejudice and Without Notice to the Putative Class Members

To determine whether it is appropriate to dismiss without prejudice pre-certification putative class claims, courts assess the prejudice to potential class members of such precertification dismissal and whether putative class members should be notified of the same. *See Tombline v. Wells Fargo Bank, N.A.*, 2014 WL 5140048, at *2 (N.D. Cal. Oct. 10, 2014) (citing Fed. R. Civ. P. 23 and *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989) (application of Rule 23(e) is "in a much lighter form that does not entail 'the kind of substantive oversight required when reviewing a settlement binding upon the class.'")); *Albers v. Yarbrough World Sols., LLC*, 2021 WL 1925520, at *1 (N.D. Cal. May 13, 2021).

To make an assessment as to whether the pre-certification dismissal of class claims would prejudice absent class members, courts are required to consider: (i) whether absent class members could have relied on the filing of the class claims to their detriment, either because of publicity or other circumstances; (ii) whether there exist any timing or statute of limitations issues that would adversely impact absent class members' ability to pursue the claims; and (iii) the possibility that the class

representative or counsel are furthering their own interests at the expense of the absent class members. *Albers*, 2021 WL 1925520, at *2 (citing *Diaz*, 876 F.2d at 1408). "'The central purpose of this inquiry is to determine whether the proposed settlement and dismissal are tainted by collusion or will prejudice absent putative class members.'" *Tombline*, 2014 WL 5140048, at *2 (citation omitted).

In this case, there is no risk that absent putative class members will be prejudiced by the dismissal without prejudice of the putative class claims. As an initial matter, the putative class claims have been pending for less than six months. Despite the pleading of the claims on a behalf of a putative class, no class has yet been certified and Plaintiff has not sought class certification. Further, the parties are aware of no notice or publicity of any kind that has been associated with this litigation. As such, there is virtually no likelihood that any absent class member has relied upon, or even been made aware of, the filing of the putative class claims against ADT.

Nor does there exist any significant timing or statute of limitations issue. ADT Solar is still an operative entity, albeit no longer accepting new customers. To the extent that any individuals who wish to file claims against ADT for alleged violations of the TCPA, they would not be time-barred under the TCPA's four-year statute of limitations (which has been tolled since this suit was filed) by virtue of the filing and dismissal without prejudice of the putative class claims alleged in the Complaint.

Finally, the resolution of Plaintiff's individual claim was not reached at the expense of the putative class claims in order to further the private interests of Plaintiff and his counsel. The requested dismissal of the putative class claims is without prejudice such that absent class members are free to pursue such claims themselves. Because absent class members will not be prevented in any way from pursuing a TCPA claim, they cannot be found to be prejudiced. Moreover, because the parties are unaware of any absent class member reliance on the filing of the class claims, no dissemination of notice is required.

Accordingly, each *Diaz* factor weighs in favor of dismissing Plaintiff's claims and the putative class claims without notice to the putative class.

### **STIPULATION AND JOINT MOTION FOR DISMISSAL**

In light of the foregoing, and pursuant to Federal Rules of Civil Procedure 23(e) and 41(a)(1)(A)(i), the parties hereby stipulate and jointly move this Court for an Order dismissing with prejudice Plaintiff's claims and without prejudice the putative class claims. The parties further acknowledge and agree that it is appropriate that the putative class claims be dismissed without dissemination of notice to the putative class members.

Dated: March 11, 2024                    Respectfully submitted,

                                                By:   /s/ *Jonny Green*
                                                      Jonny Green

|  |  |  |
|---|---|---|
|  |  | The Law Office of Jeffrey E Lohman, P.C.<br>41185 Golden Gate Circle, Suite 108<br>Murrieta, CA 92562<br>Tel: 619-507-6859<br>*jonathang@jlohman.com*<br><br>Attorney for Plaintiff,<br>**Mark Anthony**, individually and on behalf of all others similarly situated |
| Dated: March 11, 2024 | By: | */s/ Jade Jurdi*<br>Jade Jurdi (SBN 273401)<br>**STEPTOE LLP**<br>633 West Fifth Street, Suite 1900<br>Los Angeles, CA 90071<br>Tel: (213) 439-9400<br>Fax: (213) 439-9599<br>*jjurdi@steptoe.com* |
| Dated: March 11, 2024 | By: | */s/ Daniel S. Blynn*<br>Daniel S. Blynn (admitted *pro hac vice*)<br>**STEPTOE LLP**<br>1330 Connecticut Avenue, NW<br>Washington, DC 20036<br>Tel: (202) 429-3000<br>Fax: (202) 429-3902<br>*dblynn@steptoe.com*<br><br>Attorneys for Defendant ADT Solar LLC |

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of March 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which automatically gives notice to all counsel of record.

By:   /s/ *Jonny Green*
       Jonny Green
       Attorney for Plaintiff,
       **Mark Anthony**, individually and on behalf of all others similarly situated,